UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DONNA PITTS, | ) | Case No. 1:07 CV 3707 |
| | ) | |
| Plaintiff, | ) | Judge Sara Lioi |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | FOR REMANDING CASE |
| COMMISSIONER OF | ) | (Regarding ECF # 11) |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | Magistrate Judge James S. Gallas |
| | ) | |

The Commissioner has moved to return this case to him pursuant to the sixth sentence of 42 U.S.C. §405(g) due to the Commissioner's loss of claimant's file. It is well-established that no default judgment may be taken against the Commissioner due to protection provided under Rule 55(e), so that judgment cannot be entered against the Commissioner "unless the claimant establishes a claim or right to relief by evidence satisfactory to the court." The district court may only enter judgment upon the transcript of the record and without it, the court is "without authority to affirm, modify or reverse a decision of the [Commissioner]." *Poe v. Mathews*, 572 F.2d 137, 138 (6th Cir. 1978). Even though the failure is not brought about by the claimant, the district court is constrained to grant the motion for remand to the Commissioner for obtaining new hearing and reconstructing the claim file.

The Commissioner represents that there is cooperation with claimant's counsel to reconstruct the record, but for some unspecified reason, the Appeals Council will not act until this court furnishes an order to review the materials from claimant.

2

## *CONCLUSION AND RECOMMENDATION*

Accordingly, it is recommended that the motion for a sixth sentence remand be granted and that the Appeals be ordered to review the materials submitted from Donna Pitts, and if all the materials including the hearing recording are complete, then the certified administrative record be prepared and submitted to the Court. Otherwise, it is ordered that a new record be constructed for judicial review of the claim for benefits. It is further recommended due to the sixth sentence nature of the Commissioner's request, that this case be marked **closed** subject to reopening upon motion accompanied by the certified administrative record. Finally, the Court should order that decision on a motion to reopen the case based on the reconstructed administrative record will not consider any request to expand the record. Any dispute over additional or new evidence which Donna Pitts seeks to include in the reconstructed record must await resolution by the Court upon separate motion after reopening of the case. See *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 481-82, 111 Soc. Sec. Rep. Serv. 199 (6th Cir. 2006).

s/James S. Gallas
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).